```
                                                                    1

  1   UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF NEW YORK
  2   ------------------------------x
                                              20-CR-306(NGG)
  3   UNITED STATES OF AMERICA,
                                              United States Courthouse
  4           Plaintiff,                      Brooklyn, New York

  5           -against-                       November 13, 2020
                                              9:00 a.m.
  6   CHRISTOPHER CHIERCHIO, et al.,

  7           Defendant.

  8   ------------------------------x

  9       TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
        ALL PRESENT VIA TELECONFERENCE AND/OR VIDEOCONFERENCE
 10              BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                   UNITED STATES SENIOR DISTRICT JUDGE
 11

 12   APPEARANCES

 13   For the Government:      UNITED STATES ATTORNEY'S OFFICE
                               Eastern District of New York
 14                            271 Cadman Plaza East
                               Brooklyn, New York 11201
 15                            BY:  LINDSAY K. GERDES, ESQ.
                                    ANDREY SPEKTOR, ESQ.
 16                            Assistant United States Attorneys

 17   For the Defendant:       GERALD J. McMAHON, ESQ.
      Christopher Chierchio    375 Greenwich Street
 18                            New York, New York 10013
                               BY:  GERALD J. McMAHON, ESQ., ESQ.

 19

 20   For the Defendant:       MORVILLO, ABRAMOWITZ, GRAND,
      Jason Kurland            IASON & ANELLO, PC
 21                            575 Fifth Avenue
                               11th Floor
 22                            New York, New York 10017
                               BY:  TELEMACHUS P. KASULIS, ESQ.
 23                                 ANDREW DENNIS DILLON, ESQ.

 24

 25
```

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

```
 1   APPEARANCES (CONTINUED)

 2   For the Defendant:        JAMES R. FROCCARO
     Frangesco Russo           20 Vanderventer Avenue
 3                             Suite 103W
                               Port Washington, New York 10050
 4                             BY:  JAMES R. FROCCARO, ESQ.

 5
     For the Defendant:        LAW OFFICE OF KEVIN J. KEATING
 6   Francis Smookler          666 Old Country Road
                               Garden City, New York 11530
 7                             BY:  KEVIN JAMES KEATING, ESQ.

 8

 9   Court Reporter:           LINDA D. DANELCZYK, RPR, CSR, CCR
                               Phone:  718-613-2330
10                             Fax:    718-804-2712
                               Email:  LindaDan226@gmail.com
11

12   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
13

14                     *    *    *    *    *

15           (In open court; All present via teleconference

16   and/or videoconference.)

17           THE COURTROOM DEPUTY:  Good morning, Judge.

18           THE COURT:  Please call the case.

19           THE COURTROOM DEPUTY:  This is United States versus

20   Chierchio, et al., criminal cause for a status conference.

21           Beginning with the government, please state your

22   appearances for the record.

23           MS. GERDES:  Yes.  Good morning, Your Honor.

24   Lindsay Gerdes for the United States.  And we're also joined

25   by Andrey Spektor on the telephone.
```

PROCEEDINGS 3

1           THE COURT:  All right.  Thank you.
2           Christopher Chierchio.
3           Mr. Chierchio, where are you?
4           DEFENDANT CHIERCHIO:  I'm right here.
5           THE COURT:  Just raise your hand so I can see you.
6           (Defendant complies.)
7           THE COURT:  Okay.  Good morning, sir.
8           And counsel?
9           MR. McMAHON:  Good morning, Your Honor.  Gerald
10  McMahon for Mr. Chierchio.
11          THE COURT:  Good morning, Mr. McMahon.
12          Jason Kurland?
13          DEFENDANT KURLAND:  Right here, Your Honor.
14          THE COURT:  Good morning, Mr. Kurland.
15          And counsel?
16          MR. KASULIS:  Yes, Your Honor.  Ted Kasulis and
17  Dennis Dillon for Mr. Kurland.
18          THE COURT:  Frangesco Russo.
19          Mr. Russo, you're on telephone; is that right?
20          DEFENDANT RUSSO:  Yes, Your Honor.
21          THE COURT:  Okay.  Good morning, sir.
22          And counsel?
23          MR. FROCARRO:  Good morning, Judge.  James Froccaro
24  for Mr. Russo.
25          THE COURT:  Good morning, Mr. Froccaro.

1           And Francis Smookler.

2           Mr. Smookler?

3           DEFENDANT SMOOKLER: Yes, good morning.

4           THE COURT: Good morning, sir.

5           And counsel?

6           MR. KEATING: Yes, good morning, Your Honor. Kevin
7    Keating for Mr. Smookler.

8           THE COURT: Before we go any further, the rules of
9    criminal procedure have been changed, and so I'm obligated to
10   give a statement to all of you. Please listen carefully. And
11   this is directed at the government.

12          Pursuant to the Federal Rule of Criminal Procedure
13   5(f), I remind the prosecution of its obligation under *Brady v*
14   *Maryland* and its progeny to disclose to the defense all
15   information, whether admissible or not, that is favorable to
16   the defendant, material either to the guilt or to the
17   punishment and known to the prosecution. The prosecution must
18   make good faith efforts to disclose such information to the
19   defense as soon as reasonably possible.

20          I will be entering a written order more fully
21   describing this obligation and possible consequences of
22   failing to meet it, and I direct the prosecution to review and
23   comply with that order.

24          Does the prosecution confirm that it understands its
25   obligations and will fulfill them?

1        MS. GERDES:  Yes, Your Honor, we do.

2        THE COURT:  Okay.  Thank you.

3        I also remind everyone that under Rule 1.8 of the
4   local rules of the Eastern District of New York, it is not
5   permitted to record this proceeding in any way.  Failure to
6   follow that rule could result in sanctions.

7        So with that all having been said, let's move on.

8        Ms. Gerdes, what is the status of this prosecution?

9        MS. GERDES:  Yes, Your Honor.  We are still
10  continuing to produce discovery to the defense.

11       The Court entered a protective order right after the
12  last status conference, and we have since produced to the
13  defense all of the affidavits in this case.  So we're talking
14  about all the wiretap affidavits, the search warrant
15  affidavits, as well as other records and discovery.

16       We're in the process right now of finalizing another
17  discovery production that is going to consist, in large part,
18  of bank records, as well as consensual recordings made in this
19  case.  Much of that is subject to protective order, but we'll
20  make sure that that's clear to the defense attorneys, and that
21  is going to go out next week.

22       You know, I think we're definitely making progress
23  on this case and moving in the right direction, despite the
24  challenges that we're all working under with COVID.

25       And I was in touch with counsel before the status

1   conference, and there's a joint application by the parties for
2   a 60-day adjournment to allow us to continue to produce
3   discovery and for the defense to review it and for the parties
4   to engage in plea negotiations, and both sides will move for
5   an order of excludable delay, if appropriate, so that we can
6   focus on those efforts without the need of getting sidetracked
7   in preparing for trial right now.
8              The government also has an application to designate
9   the case as complex.  This is something we raised with the
10  Court at the last status conference.  I've heard back from
11  three of the four defense counsel on this issue, and all three
12  of them agree that this case should be designated as complex.
13  The only person who I haven't heard back from on that front is
14  Mr. Kasulis, who represents Mr. Kurland.
15             There's a tremendous volume of discovery in this
16  case.  We are talking, you know, I think thousands of hours of
17  wiretap calls, which is covered by thousands of pages of line
18  sheets, a tremendous amount of documentary evidence in this
19  case.
20             We seized approximately 40 electronic devices, and
21  our best estimate is that contains approximately 1.5 terabytes
22  of raw data, and the FBI is finalizing their downloading of
23  that material, and that will be going out to defense counsel
24  once it's uploaded on to a server that can host that amount of
25  discovery, so we would ask the Court to designate this case as

1   complex today.

2   THE COURT: All right.

3   Mr. Kasulis, do you have a view on that particular
4   question?

5   MR. KASULIS: Yes, Your Honor. We have no objection
6   to an exclusion of time for the next 60 days so the government
7   can continue to produce discovery and we can review it and
8   make decisions about how to proceed in the case.

9   I don't understand why there's a need to designate
10  it as complex, given that we are designating each period of
11  time as excludable. I don't think, notwithstanding the volume
12  here, this is the most complex case in the world, so I think
13  we should just keep excluding time as we've been doing, Your
14  Honor, each occurrence rather than designating the entire case
15  complex now.

16  THE COURT: All right. I understand that. Perhaps
17  after you've gotten the additional discovery you'll
18  reevaluate, if you wish, your view on that subject.

19  I see no need to do anything more than we're doing
20  right now. I appreciate everyone's cooperation and attention
21  to the details of this so that we can move it along.

22  So I'm going to -- there being no objection -- does
23  anyone object to the exclusion of time until the next status
24  conference, which I believe we will make, if we're doing 60
25  days, that would be January 15th.

1          Do we have a time, if we're going to try for,

2   Mr. Reccoppa, on January 15th, since we have someone in

3   custody here?

4          THE COURTROOM DEPUTY:  10:30, Judge, if you can.

5   10:30.

6          THE COURT:  All right, 10:30 on Friday,

7   January 15th, for a status conference.

8          Not hearing any objection to the exclusion of time,

9   time is excluded between today and Friday, January 15th, on

10  consent of the parties in the interest of justice for receipt

11  and review of the discovery and any plea negotiations which

12  may be had during that period.

13         If for any reason the parties decide that more time

14  is needed, and they can consent to further exclusion of time

15  for a date beyond January 15th, contact Mr. Reccoppa to set a

16  date, and the Court will consider two things:  One,

17  designating this case as complex; and two, the exclusion of

18  time until the date that is selected.

19         It may be that when you see the discovery, you think

20  that a status conference is premature for January 15th, I'm

21  going to -- you're all experienced and respected criminal

22  defense lawyers, and we're going to try to minimize the

23  unnecessary visits and maximize your ability to conduct the

24  work that you must do in representing your clients.

25         So apart from that, if there is anyone who has

1  anything else for today, if you do, just state who you are so
2  that our abled court reporter, Linda, can properly identify
3  you for the record.
4         Does anyone have anything else for today?
5         All right, not hearing anything, we'll resume at
6  10:30 a.m. on January 15th, 2021.
7         I hope everyone stays safe, wears a mask, maintains
8  social distancing and so forth.
9         Also, I would like to mention that the court is, I
10 understand, considering the possibility that we will not be
11 able to hold any in-courthouse activities if the situation
12 with COVID becomes worse in New York.  So please keep an eye
13 on that for this case and for any other matters that you have
14 in the Eastern District of New York.
15        But apparently because of the spike in positivity
16 and testing, there's a concern that having an in-courthouse
17 related meeting may not be in the interest of anyone's health.
18 So I just ask you to keep an eye on the court's website as to
19 any changes that are made by the court in the next several
20 weeks.
21        Thank you very much.  Everyone have a good day.
22        (Chorus of:  Thank you, Judge.)
23        (Whereupon, the matter was concluded.)
24             *    *    *    *    *
25

*LINDA D. DANELCZYK, RPR, CSR, CCR*
I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
/s/ Linda D. Danelczyk         January 13, 2021